May it please the court, Joe Seguenza for petitioners this morning. If you'll put that microphone right close to you and speak right into it, then everyone can hear. Thank you. On this, excuse me, in this immigration appeal, your honor, the issues presented by the petitioner include whether the board committed an abuse of discretion or reversible error by failing to accurately construe petitioner's 2005 motion to reopen on the grounds of either ineffective assistance of counsel or changed country conditions in Fiji. Secondly, whether the board committed due process violation by failing to consider the merits of the application motion rather than summarily dismissing the motion on procedural number bars. And thirdly, whether the board committed an abuse of discretion by determining that petitioners did not diligently pursue an IAC ineffective assistance of counsel theory in the motion to reopen where the record clearly shows that they suffered at the hands of former counsel. It's significant to note, your honor, that the board in ruling upon the 2005 motion summarily procedurally dismissed the motion itself without addressing the merits. And petitioner would argue that that constitutes by itself an abuse of discretion. It's also significant to note that attached to the motion to reopen were not only affidavits of the petitioners, but also voluminous articles dealing with the situation in Fiji. And it not only included articles addressing the 2000 coup, but also included articles addressing the conditions in Fiji after 2000. I believe there are articles dated 2002 and beyond addressing this ongoing situation in Fiji. With that in mind, petitioner submits that this motion not only can be construed as an IAC motion, but also as a changed country conditions motion that is not subject to a procedural number and time bar. If the board had looked at and addressed those articles and adjudicated on merits, the board would have, petitioners would submit, the board would have concluded that this is, in fact, an ongoing country conditions motion in addition to an IAC motion. The IAC motion was premised on the fact that former counsel did not submit or supplement his own motion to reopen, I believe in 2002. Excuse me, in 1999, rather. He did not supplement his own motion to reopen with the fact that there was a 2000 coup, which is a significant coup in the history of Fiji. I believe that this Court has on numerous occasions remanded on motions to reopen where the petitioners claim that the 2000 coup affected them directly and constitute either, and constitute a well-founded fear of persecution. So what petitioner is submitting here this morning is that if the board had addressed the merits and a remand is proper in this situation for the board to address the merits of this particular argument, if there's ongoing strife after 2000 that is documented in the motion to reopen, the board committed an abuse of discretion by failing to address to address that matter in the motion to reopen. Part of the ineffective assistance of counsel claim relates to Miguel Gatta's failure to elaborate in the motion to reopen how the changed country conditions affected these petitioners, correct? That's correct. And if we look at the motion to reopen, I believe the board summarily dismissed on a due diligence theory that counsel, after Mr. Gatta, did not timely file a motion to reopen. We would submit that due diligence was, in fact, met here on page 15 of the motion to reopen, and that's at Administrative Record 20. The top paragraph alludes to the fact that petitioner's counsel did diligently proceed in investigating this matter after being retained by petitioners and attempting to obtain the record of proceedings from either former counsel or from the court or from some other source. Unfortunately, former counsel was not cooperative in providing the record of proceeding. And so in order to properly prepare a motion to reopen, the time lag of a year that respondent refers to in their opposition is taken up by the fact that present counsel was unable to obtain all the documentation to do a proper motion to reopen earlier than... Were you the counsel at this point? Yes, Your Honor. So you were having trouble getting the papers from the guy who... Exactly. In fact, I don't believe, if my memory serves me correctly, I don't believe that Mr. Gatta's office had ever provided us with the record. So on the one hand, if you consider that there wasn't due diligence in filing sooner than later, we would submit that present counsel would be in a dilemma. Do you file an incomplete motion to reopen and possibly misstate the circumstances or the history of the case, or do you wait until you obtain whatever you can obtain and then proceed with filing the motion? We would submit that diligence is met here in this particular case. We would also submit that due diligence is not an arbitrary timeline construct, that it's a case-by-case analysis, and that in this particular case, investigation in trying to obtain the file constitutes the reason why this motion could not have been filed sooner than later. Okay. That'd be one to say. You may want to save some time for rebuttal. Yes. Thank you. Thank you for your argument. Thank you. We'll hear from the Attorney General at this time. Ms. Maurer. Good morning, gentlemen. I may please the Court. My name is Brooke Maurer for the U.S. Attorney General. In response to Petitioner Counsel's statement about the arguments, we agree that the initial issue in the 2005 case is the due diligence issue that the Board found that Counsel did not act diligently in pursuing the motion to reopen. As the PACER document ---- In light of what she's saying, isn't that just plain arbitrary? What was he supposed to do? Well, at this point, Your Honor, if he were to file ---- Not necessarily, Your Honor. He has the opportunity to go before the Board and request additional time, and he was aware of the timeliness issue. He was aware in 2004, I believe, when he signed on as Counsel in this case and was able to present an adequate representation of the case below in a brief to you, in a supplemental brief, in the underlying first motion to reopen. In preparation for that, he could have filed with the motion, sought an extension of time until he had adequate time, or he could even seek through EOR to obtain the record, which is a possibility in and of itself. Does the oil or DHS keep records on Counsel that have had difficulties, including disbarment? I don't know if they keep actual disbarment records on them. I know that we usually have our own personal files if we keep them ourselves, but we also have files of every case that we have, and in the past have had no problems reissuing out to new Counsel copies of the administrative records so they can file timely. Is there a single former lawyer who does immigration asylum cases who has a more notorious record than Miguel Gata? Than Miguel Gata? I couldn't even answer that. He's been sanctioned numerous times by this Court, correct? I believe so, yes. And he's been disbarred? Yes, which happened prior to, I believe, your ruling in the first motion to reopen, which was briefed, I think, in his motion to this Court regarding the first one, and this Court, I believe, still found that there was not a prima facie eligibility showing in the first motion to reopen based on the coup that took place prior to the 2000. Why don't you address the change in country circumstance? Well, first and foremost, the government notes that. Are you talking the 2005? Yes. Well, he failed to raise any type of changed circumstances. He based his full motion to reopen on the other Counsel's failure to provide anything and then failed to show that he acted diligently. Well, wait a minute. I would say maybe I'm wrong about 90 percent of the papers that were submitted referred to the situation in Fiji. I may be wrong about the percentage. What did they think the papers were relevant to? Well, Your Honor, after researching the papers, if you look at even the first motion to reopen, which you were able to, which was not present before this Court, but may you take judicial notice because you did decide this case, the first things contained two documents which included the coup and issues that were incredibly similar to what he submitted this time. There was found to be no material changes to the country, and Petitioner himself even noted in his brief, which I believe is the second motion to reopen, that this was the third coup in 13 years. Then his 2007 premise is again on another coup, which has the same typo, and I can't give you the exact sites, but roadblocks, general political unrest, that this is the 14th coup in 19 years. Maybe I'm wrong, but my understanding is that many residents from Fiji have obtained relief. And I'm sure in cases where there had been showings, whereas in this case there was just a general showing of general unrest and discrimination that he suffered himself, if they had made a showing of personal past persecution, then that's an understandable option, but in the very underlying matter, which isn't really presently before this Court. So he has to go back and be discriminated against because he hasn't been there for so long, before then he can flee again. Is that it? Well, no. I mean, there has to be an actual showing of persecution. Discrimination itself does not rise to the level of persecution. Okay. And then turning to, if I may, the 2007, again, as I noted earlier, Petitioner again submits the 2006 documents, which were mentioned by the Board, and their denial was, again, Petitioner's failure to show how this materially changed his initial claim that he was going to be persecuted when he returned. So unless there's any further questions, Petitioner would like to rest or Respondent would like to rest on his brief. Okay. Thank you for your argument. Thank you for coming in. Rebuttal argument? Mr. Sequinda. Thank you, Your Honor. Just a brief comment here. On page 13 of the 2005 motion to reopen, that can be found at AR page 18, quoting from the last paragraph, since the 2000 coup, the future of Fiji has been uncertain, et cetera. Again, that alludes to the fact that the articles not only address the 2000 coup, but events happening subsequent to the 2000 coup. If the Board had taken the opportunity to view those articles in perspective, they would have surmised that this was not only an IAC motion, but also a country conditions motion. And lastly, if I might go outside the record in terms of precedent, this Court recently in the matter of Sinha v. Holder ruled that where you have widespread ethnic unrest and discrimination, as you do in Fiji, less individualized showing, not more, is only required in that situation in terms of a well-founded fear and on any motion, for instance, on a motion based on changed country conditions. Is this case in your brief? No, it's not, Your Honor. That's why I have the idea. It was outside the record. Can you fill out a sheet with the deputy clerk here and give counsel for the attorney general a copy? Yes. And if you'd like to respond to the case, counsel will give you five days, letter brief, not to exceed three pages. You don't have to, but if you decide to, you'll have that opportunity. Thank you both for coming in today. Thank you. You know, not every one of these immigration cases is well argued. This one was by both sides. So thank you. The case just argued will be submitted for decision.
judges: Trager, Hawkins, Thomas